**In re TOWN OF DEERFIELD BEACH, BROWARD COUNTY, FLA.**

No. 2057.

District Court, S. D. Florida, Miami Division.

June 16, 1944.

Elliott Adams, of Jacksonville, Fla., and Morton B. Adams, of Miami, Fla., for petitioner.

W. Terry Gibson, of West Palm Beach, Fla., for creditors.

HOLLAND, District Judge.

The special master's findings and recommendations were filed on October 11, 1943, and objections of the Town of Deerfield Beach, Broward County, Florida, to the report of the special master were filed October 20, 1943. The objections were not argued before this Court until May 18, 1944, and May 22, 1944. Interested attorneys delayed in calling up the exceptions until the disposition of the appellate court proceedings in the municipal bankruptcy of the City of Coral Gables, which was March 13, 1944.

In paragraph number 1 of the master's findings it was concluded that the Town of Deerfield Beach is unable to meet its debts as they mature.

In paragraph number 2 the master found that the plan was inequitable and unfair to non-assenting creditors in the treatment of

interest claims which accrued prior to July 1, 1937.

In paragraph number 3 the master found that it would be unfair and inequitable to compel non-assenting creditors to accept the plan inasmuch as the Town had violated the plan by the misappropriation of a portion of the sinking fund to general operating expenses.

In paragraph 4 the master found that the plan submitted to the Court was not the same plan as that voluntarily accepted by a majority of the creditors, but is a modified or changed plan under which accepting creditors have been preferred over nonassenting creditors.

For the reasons stated in paragraphs 2, 3 and 4, the master recommended that the Court withhold confirmation of the plan now before the Court pending consideration by the Court of the possible modification of the plan. The master was of the opinion that the Coral Gables case, (Wright v. City of Coral Gables) 5 Cir., 137 F.2d 192 precluded a modification of the plan, and the master recommended that unless the Coral Gables decision was reversed by the United States Supreme Court that these proceedings be dismissed at petitioner's costs.

In 1937 the Town entered into a refunding agreement, details of which are fully covered in the master's report. In 1942 the Town Council adopted a resolution in which the refunding plan of 1937 was ratified, approved and adopted as "the plan of composition of the debts of Deerfield Beach, except as the same is hereafter modified or changed." Modification or change was the provision that the cost of the bankruptcy proceedings shall be borne equally by the Town and by its creditors, not to exceed, however, 2% of the amount of the bonded debt of the Town.

The Town invokes the provisions of Section 83, sub. j of the Municipal Bankruptcy Act, and I take up first paragraph 4 of the Master's findings, to-wit, that the bankruptcy plan is a modified or changed plan, differing from the plan under which accepting creditors had become the owners of refunding securities, and that, therefore, the petition was not properly filed under Section 83, sub. j of the Municipal Bankrutcy Act. 11 U.S.C.A. § 403 sub. j

Subsection j deals with the right to count consents of creditors who have accepted refunding obligations under a partially completed or executed plan of arrangement. When the "plan" is offered as a "plan" in a bankruptcy petition under Chapter IX of the Bankruptcy Act 11 U.S.C.A. § 401 et seq., it must be the same plan under which the refunding was theretofore made. The original plan on which a refunding did occur cannot be changed or modified and then offered as a bankruptcy plan, with the right to count consents from the holders of refunding obligations under said subsection j.

In the West Palm Beach case, (In re City of West Palm Beach) 5 Cir., 96 F.2d 85, the bankruptcy plan had been offered and accepted by a majority of the creditors long before the passage of the Act. The creditors of West Palm Beach had irrevocably scaled their debts, and the consents of the holders of the refunding obligations were held not properly to be considered when counting the necessary percentage, either for filing or for approval of the plan by the Court.

Subsection j, later passed by the Congress, permitted those holding refunding obligations to give new consents, and to be counted when the Court was considering a bankruptcy plan, but in my opinion only when that plan is the same plan under which the refunding took place. Counsel for the Town strongly relies upon Wells Fargo Bank & Union T. Co. v. Imperial Irr. Dist., 9 Cir., 136 F.2d 539, 548. In that case there was a 1932 plan of scaling down the indebtedness of the District. The debtor was unable to carry out its terms, and a modification thereof was proposed incorporating a further scaling down of the indebtedness. This was called the plan of 1939, and it was presented as the bankruptcy plan. Validity of consents by bondholders who had previously consented to the plan of 1932 was an issue in the case. Objecting creditors stressed the difference between the 1932 and the 1939 plans and urged that creditors who had refunded under the 1932 plan were in a different class from the non-assenting creditors who had never consented to either plan. The objectors, therefore, argued that "J" did not permit the Court to disregard the effect of acceptance of any plan except the precise plan before the Court. This objection was not sustained by the majority opinion. This decision is urged by the Town of Deerfield as justifying its proposal under Subsection j

of the 1937 plan, partially executed, with modifications in the 1942 plan, then submitted as a bankruptcy plan. It is consistent for the Town of Deerfield to argue that if in the Wells Fargo case those holding securities refunded under the 1932 plan could be voted in determining the number necessary to approve the 1939 plan, with the changes of the 1932 plan, then that the debtor, Irrigation District, could could have submitted the 1939 plan which involved changes of the 1932 plan as its bankruptcy plan of re-organization. Certiorari for review of this decision was refused by the Supreme Court, 64 S.Ct. 784. This denial of certiorari should be considered in the light of the Circuit Court of Appeals opinion that the "so-called plan of 1939 now before the court is nothing more than a modification of the plan of 1932." In the Deerfield case the modification consisted of a fastening of costs on the creditors, and constitutes such a change from the 1937 plan as justifies this Court in drawing a distinction between the two cases. This is a drastic change or modification, and the 1942 plan is not the same plan as that of 1937 when refundings took place. Drawing this distinction and not following the Wells Fargo case as a precedent in governing this decision, I feel free to express my views of the law in a "J" case. The correct interpretation of "J", I think, is that it is a "now for then" provision as expressed in the Coral Gables case, 137 F.2d 192. As such a proceeding, the creditor holding refunding securities accepted "then" is by "J" allowed to vote when the plan "now" submitted is the same plan. As heretofore stated the majority opinion in the Wells Fargo case held that the so-called plan of 1939 is nothing more than a modification of the plan of 1932, and my views of the law in a "J" case are that the plan on which partial refundings have taken place must be the same plan when presented as a bankruptcy plan, otherwise those holding refunding securities may not under subsection j have their votes counted, and, furthermore, that the bankruptcy plan cannot during Court proceedings be modified or changed under Section 83, sub. e of the Act so as to be different from the plan on which the former refundings took place. If the petitioner does not rely upon subsection j, then that is a different matter. If I did not differentiate between the facts in the Deerfield case and the Wells Fargo case,

I would follow the Wells Fargo case and hold that the plan proposed in the Deerfield case was properly filed under Section 83, sub. j. Being of the opinion above indicated, I think that the report of the master recommending a dismissal of the case should be confirmed. However, the master recommends the retention of the case, with a right in the debtor to present an amended plan. The master was of the opinion that if the Supreme Court did not reverse the Coral Gables case that no amendment could be properly presented. This reasoning follows from the fact that in the dissenting opinion in the Coral Gables case, Judge Waller was of the opinion that the Town of Coral Gables should be allowed to present an amended plan. In this Deerfield case I hold that if the debtor sees fit to present an amended plan by deleting those matters which made the bankruptcy plan of 1942 different from the 1937 plan, it may do so by motion in these proceedings. I do not think the majority opinion in the Coral Gables case stands in its way. As I read the Coral Gables decision it was not that the majority held there could be no amendment of the petition, in any event, but that the Court disapproved the position of Coral Gables as justifying individual settlements with certain creditors by paying larger percentages out of "free funds," but furthermore held that there had been a complete abandonment of a former completed plan of settlement with creditors. Hence I decide that the order of dismissal shall be deferred for thirty days, during which time the Town of Deerfield may consider the matter of filing an amended petition in this case. In case the Town of Deerfield sees fit to so move, notice should be given objecting creditors so that the interested parties may be heard on its proposed action.

In paragraph 2 of the master's findings the matter of unfairness or inequitability growing out of interest which accrued prior to July 1, 1937, is reported, but the master finds that the plan may be modified in such a manner as to treat all creditors alike in this regard. Deerfield claims there was no irregularity in this regard in its submitted plan. Going into that matter at this time is unnecessary. Should Deerfield seek to further proceed in this case by motion, the Town may either re-assert its position or admit unfairness, and seek to cure such irregularity as it may be ad-

vised, and the matter would be heard on its merits, on such motion to amend the petition.

■ The misappropriation of sinking funds, which is dealt with in paragraph 3 of the master's findings, has been cured by the Town, and further misappropriation would be properly enjoined with the consent of the Town.

The master's report recommending dismissal is confirmed, with the proviso as to the presentation of an amended plan as herein outlined. An order of dismissal thirty days hence will await further developments in this case.