**NEW SMYRNA–DE LAND DRAINAGE DISTRICT, Appellant,**

v.

**Wayne THOMAS, Marion Cunningham and Ed C. Wright, Objecting Creditors, Appellees.**

No. 15866.

United States Court of Appeals Fifth Circuit.

June 5, 1956.

Louis Ossinsky, Horn & Ossinsky, Daytona Beach, Fla., for appellant.

Joseph C. Young, Clearwater, Fla., Francis P. Conroy, Marks, Gray, Yates & Conroy, Jacksonville, Fla., for appellees.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, New Smyrna-DeLand Drainage District, is a public body in and organized under the laws of Florida. Fla.Stat.1955, Ch. 298, F.S.A. Within its boundaries are over fifty thousand acres of land, all of which are in Volusia County, Florida. It is an "agency" within § 81 as amended, Chapter IX of the Bankruptcy Act, 11 U.S.C.A. § 401. Owing in excess of $200,000 principal indebtedness evidenced by bonds, of which more than $50,000, exclusive of interest, was due and unpaid, and with drainage district taxes outstanding in very large amounts and over long periods of time, exceeding in some instances the value of the land, the appellant submitted a plan on October 31, 1953, for the composition of the debt evidenced by its outstanding bonds under Chapter IX of the Bankruptcy Act, 11 U.S.C.A. § 401 et seq. Creditors owning more than 66⅔ per cent. of outstanding bonds and script consented to the plan. The appellees, Thomas, Cunningham and Wright, bondholder creditors of the appellant District, filed objections to the plan. These objections were sustained and by order of March 5, 1955, the petition by which the appellant had sought confirmation of the plan, was dismissed. The order gave the appellant "leave to file and serve an amended petition within 60 days."

A stipulation among appellant, appellees and other bondholder creditors provided that appellant be allowed to June 5, 1955, within which to file "its amended plan of composition". The stipulation was approved by the district court. On June 3, 1955, the appellant filed a motion saying, among other things, that "the amended plan enhances the benefits to the creditors of the District, and that in view of same" it was in doubt as to whether it would be necessary to obtain new creditor acceptances. The District prayed for adjudication as to whether new acceptances to the amended plan were required, and for a further extension. The court granted a ten-day extension of time for filing an amended

petition and plan of composition. The order left undecided the question of requiring new acceptances of an amended plan. The appellant filed an amended petition and amended plan on June 4, 1955. No acceptances were filed with the amended plan. The amended petition recited that creditors of the required percentage "have heretofore accepted the petition and plan of composition heretofore attached to said original petition", which, by reference, was incorporated in the amended petition.

There were several differences between the original plan and the amended plan. The amount of past due bonds had increased. Under the original plan, each landowner could obtain a release from drainage taxes by conveying to the District two-thirds of his lands within the boundaries of the District, or by payment of $3.30 per acre. By the amended plan the option to convey lands was eliminated and the release price was increased to $3.55 per acre. By the original plan it was provided that lands owned or acquired by the District were to be conveyed to the bondholders. Under the amended plan lands of the District were to be sold. Under the amended plan, but not under the original plan, non-landowning bondholders, other than attorneys, were to receive, in distribution, twice as much per bond as that applied to a bond held by a landowner within the District. There were other variances which need not be mentioned. Between the entry of the order dismissing the original petition and the filing of the amended petition and plan, conferences were had between counsel for the District and counsel for the bondholders. Counsel for bondholders wrote to the attorneys for the District approving the form of a proposed affidavit for signatures of landowners by which the landowners were to agree to make payments of funds for the carrying out of the plan. The District seemed to believe there was an accord between it and the bondholders but this the bondholders do not concede, and if any unity ever existed it had disappeared by the time the parties were next before the court.

The objecting creditors, appellees here, moved to dismiss the amended petition because it did not state that creditors owning not less than fifty-one per cent. in amount of the securities affected by the plan had accepted it in writing. Bankruptcy Act, Ch. IX, § 83, 11 U.S.C.A. § 403. The district court dismissed the petition. The appellant District filed a motion for reconsideration which was denied. The District has appealed from the order of dismissal and from the order denying the motion for reconsideration. The appellees have moved to dismiss the appeal in so far as it relates to the order denying reconsideration.

■■ The appellant urges here that creditors cannot withdraw their acceptances to a plan of composition submitted under a Chapter IX proceeding except as permitted by that portion of the Act which provides:

"Before a plan is confirmed, changes and modifications may be made therein with the approval of the judge after hearing upon such notice to creditors as the judge may direct, subject to the right of any creditor who shall previously have accepted the plan to withdraw his acceptance, within a period to be fixed by the judge and after such notice as the judge may direct, if, in the opinion of the judge, the change or modification will be materially adverse to the interest of such creditor, and if any creditor having such right of withdrawal shall not withdraw within such period, he shall be deemed to have accepted the plan as changed or modified; Provided, however, That the plan as changed or modified shall comply with all the provisions of this chapter and shall have been accepted in writing by the petitioner." 11 U.S.C.A. § 403, sub. e.

If we could adopt appellant's premise as to the question presented we might agree with the result it urges. The ap-

pellant assumes that the original plan, as submitted with the original petition, and accepted by a majority of the creditors, is still before the court and that the amended plan merely proposes changes and modifications. The appellant contends that the amended plan is more advantageous to creditors than the original plan and could not be more adverse to their interests. It, the appellant, says that the amended plan had been submitted to and approved by counsel for the bondholders. We are unable to adopt these conclusions. The original petition was dismissed, not by reason of any defect in the petition itself, but because the court sustained the objections to the plan, and this was the plan which had been accepted in writing by a majority and more of the bondholders. There was not, upon the dismissal, either petition or plan before the court. The order gave the appellant leave, not to submit changes or modifications by amendments to the original plan but to bring in a new plan with an amended petition. No appeal was taken from the order. As authorized by the order, the appellant filed an amended petition and with it submitted an amended plan.

There is no great abundance of precedent to guide us in our determination of this case. The case of In re West Palm Beach, 5 Cir., 1938, 96 F.2d 85, 36 Am. Bankr.Rep., N.S., 202, decided that creditors who had participated in and received new securities as a result of a voluntary debt adjustment could not be counted as accepting creditors where the adjustment agreement was submitted as a plan of composition under Chapter IX. This decision was abrogated by an amendment to the Act passed soon after the West Palm Beach opinion was rendered. 52 Stat. 840, 940, Bankruptcy Act, Ch. IX, § 83, sub. j, 11 U.S.C.A. § 403, sub. j. The amendment provided

that creditors who had accepted new securities under a partially executed plan prior to the submission of the plan for judicial approval and enforcement should be counted as consenting creditors in ascertaining whether the percentage requirements had been met. In Wright v. City of Coral Gables, 5 Cir., 1943, 137 F.2d 192, it was held by this court that participating creditors in a plan which had been partially completed and thereafter abandoned could not be counted as accepting creditors in forcing a new plan upon non-assenting creditors. See also In re Town of Deerfield Beach, D.C.S.D. Fla.1944, 55 F.Supp. 761. Although we do not here have a new plan initiated upon the abandonment of a partially executed plan, we do have a new plan submitted after objections have been sustained to an earlier plan.

The statutory requirement is that creditors owning not less than fifty-one per cent. of the securities affected shall have accepted the plan in writing. This requirement is as applicable to the amended plan of the District as to the original plan. The acceptances of the original plan did not attach to and vitalize the amended plan. If there was an informal approval of the amended plan by counsel for the bondholders, such approval would not meet or dispense with the necessity for written acceptances. The creditors did not waive the written requirement provision of the statute nor become estopped to assert it by approving the form of instruments to be executed by the landowners.

Since we find no error in the order dismissing the amended petition and amended plan of composition, we see no reason to consider the appeal from the order denying the appellant's motion for reconsideration. The orders of the district court are

Affirmed.